Minute Order Form (06/97)

JSW

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1461 | DATE | 11/20/2003 |
| CASE TITLE | Mattingly vs. Village of Palos Park | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held. For the reasons stated in the attached memorandum opinion and order, defendants' motion for summary judgment is granted [7-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 21 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/20/2003 date mailed notice | |
| MF | courtroom deputy's initials | 03 NOV 21 AM 2:12 FILED FOR DOCKETING 1-03 Date/time received in central Clerk's Office | MF mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MATTINGLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 1461 |
| ) | |
| THE VILLAGE OF PALOS PARK, ILLINOIS, ) | Judge John W. Darrah |
| BOARD OF COMMISSIONERS; GREGORY ) | |
| MEEDER, member; EDWARD MARCYN, Member; ) | |
| CAROLYN BACA, Member; JAMES MADDEN, ) | |
| Member; and JOSEPH MILLER, Chief of Police ) | |
| for The Village of Palos Park, Illinois, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
NOV 2 1 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, William Mattingly, filed a single-count complaint against Defendants, alleging a violation of 42 U.S.C. § 1983. Presently before the Court is Defendants' Motion for Summary Judgment.

## BACKGROUND

Mattingly was a Palos Park police officer for twenty-one years. (Def.'s 56.1(a)(3) ¶ 12). The Village of Palos Park is a unit of local government in Cook County, Illinois. The Board of Commissioners of the Village of Palos Park maintains, manages, operates, and retains authority to discharge Palos Park police officers. (Id., ¶ 3). Joseph Miller was the Chief of Police for Palos Park. As Chief of Police, Miller filed written charges and sought Mattingly's termination before the Board. (Id., ¶ 4). At the time that written charges were filed before the Board, James Madden, Gregory Meeder, Carolyn Baca, and Edward Marcyn were members of the Board. (Id., ¶¶ 5-8).

On November 20, 2000, Miller served Mattingly with seventeen written charges consisting



of violations of Police Department Rules and Regulations from a period of time of June, 1996 through October, 2000. These charges included allegations of fraud and insubordination. (Def.'s 56.1(a)(3) Statement ¶ 11). Pursuant to Miller's request, the Board conducted a hearing on the allegations. (Id., ¶ 14). Prior to the meeting, the Mayor of Palos Park, Jean Moran, and Baca were recused and did not participate in the final decision to terminate Mattingly. (Id., ¶ 15).

A hearing, in which witnesses testified, was conducted. Part of Mattingly's defense to the charges included an argument that the charges were brought in retaliation of his support for Mayor Moran in the 1999 mayoral campaign. (Def.'s 56.1(a)(3) Statement ¶ 16). On March 2, 2001, the Board found there to be competent and sufficient evidence to sustain eleven of the seventeen charges against Mattingly. The Board found Mattingly guilty of insubordination, violating the rules and regulations of the department, neglecting duty, failing to follow direction of the Chief of Police, not maintaining a professional image, and having unauthorized riders in his vehicle. (Id., ¶ 17). After a review of Mattingly's disciplinary hearing and the charges and reprimands previously filed against Mattingly, the Board decided to terminate Mattingly's employment. (Id., ¶ 18).

Following his termination, Mattingly filed a complaint in the Circuit Court of Cook County, Illinois, seeking an administrative review of the Board's decision to terminate him and a complaint in *certiorari*. (Def.'s 56.1(a)(3) Statement ¶ 19). Mattingly named the Village of Palos Park, the Board, Meeder, Marcyn, Madden, and Miller as defendants in the Circuit Court case. (Id., ¶ 20). Mattingly's complaint in the Circuit Court did not allege a violation of Mattingly's First Amendment rights. (Id., ¶ 21).

In September 2003, the Circuit Court Judge entered a final judgment that affirmed the Board's termination of Mattingly. (Def.'s 56.1(a)(3) Statement ¶ 22). Mattingly appealed the

Circuit Court's judgment to the Appellate Court of Illinois. (Id., ¶ 23). The Illinois Appellate Court affirmed the lower court's ruling. (Id., ¶ 25). Mattingly did not file a Petition for Leave to Appeal the Appellate Court's decision to the Illinois Supreme Court. (Id., ¶ 26).

In March 2003, Mattingly filed the instant case, alleging that the Defendants violated his First Amendment rights by discharging him in retaliation for his opposition to the mayoral candidacy of Donald Jeanes and his support of Jeanes' opponent, Mayor Moran. Mattingly also alleges that he was passed over for a promotion in 1999 because of his support of Mayor Moran.

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendants seek summary judgment, contending that Mattingly's Section 1983 claim is barred by the doctrine of *res judicata*.

*Res judicata* precludes the relitigation of entire claims. *Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir. 1996) (*Miller*). *Res judicata* extends not only to issues that were actually decided but also to all grounds of recovery and defenses which could have been presented in the prior litigation between the parties. *See Lolling v. Patterson*, 966 F.2d 230, 235 (7th Cir. 1992) (*Lolling*).

3

Furthermore, the doctrine of *res judicata* applies to decisions of administrative agencies. *See Schofield v. Nikkel*, 314 Ill. App. 3d 771, 780 (2000); *Riverdale Indus., Inc. v. Malloy*, 307 Ill. App. 3d 183, 185 (1999) (*Riverdale*). A claim is precluded if it shares three elements with an earlier action: (1) an identity of parties or their privies, (2) a final judgment on the merits, and (3) an identity of the causes of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998) (*River Park*).

In the instant case, Mattingly concedes that there is an identity of parties or their privies and that there was a final judgment on the merits. Mattingly argues that the doctrine of *res judicata* does not bar his instant action because there is not an identity of the causes of action.

Illinois applies the "transactional test" when determining whether claims are part of the same transaction. *River Park*, 184 Ill. 2d at 310. Under this test, claims are identical "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 184 Ill. 2d at 311. Claims are considered part of the same cause of action as long as they arise from the same transaction. *River Park*, 184 Ill. 2d at 311.

Mattingly argues that his present suit does not arise from the same transaction as the state court action because the instant action not only arises from his termination from employment but also from the Board's failure to promote him to sergeant in 1999 and additional disciplinary actions taken by the Board.

The undisputed facts demonstrate that Mattingly's allegations in the instant case that he was improperly disciplined and terminated from his employment because of his support of Mayor Moran arose from the same group of operative facts that were the basis of the administrative hearing and subsequent state court proceedings. Furthermore, the administrative hearing record demonstrates

that Mattingly included an argument concerning the sergeant position during his defense in the previous proceeding. In addition, all of Mattingly's present allegations and the previous dispute all arise from Mattingly's employment as a police officer with Palos Park and alleged wrongful treatment by the Board. While Mattingly did not raise any constitutional or civil rights claims during the previous proceedings, he could have raised such issues: and such issues are now barred by the doctrine of *res judicata*. *See Durgins v. City of St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001) (*Durgins*) (plaintiff could have brought 42 U.S.C. § 1983 claim with administrative-review action); *Welch v. Johnson*, 907 F.2d 714, 723-24 (7th Cir. 1990) (*res judicata* barred plaintiff's claims because plaintiff could have raised harassment and discrimination claims before the Civil Service Commission); *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 1982) (*Lee*) (plaintiff could have brought racial discrimination claim as a defense during termination proceedings).

Mattingly also argues that the instant Section 1983 claim does not arise out of the same transaction as the earlier administrative review action because the burden of proof in the underlying administrative action is different than the instant suit. However, any difference in the burden of proof at the administrative hearing is not relevant to the determination of whether the two actions arose from the same transaction. Any difference in the burden of proof did not inhibit Mattingly from raising his Section 1983 claim in the previous proceeding. *See Durgins*, 272 F.3d at 843.

Assuming argumendo, that Mattingly's allegations that he did not receive a promotion did not arise out of the same transaction as the administrative review action and that he is alleging a separate claim based on the failure to receive a promotion, such claim would be barred by the statute of limitations.

Section 1983 claims are governed by the forum state's personal injury statute of limitations.

*See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (*Johnson*). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521. Here, Mattingly alleges that he was not promoted in August 1999 because of his support of Mayor Moran. Mattingly filed the instant suit in February 2003. Accordingly, any Section 1983 claim based on the failure to promote Mattingly is barred by the applicable statute of limitations.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is granted.

Dated: November 29, 2003

JOHN W. DARRAH
United States District Judge